UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTALEE CERVANTES,

            Plaintiff,    Case # 17-CV-1125-FPG

v.                    DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

## INTRODUCTION

On August 5, 2013, Plaintiff Kristalee Cervantes protectively applied for supplemental security income under Title XVI of the Social Security Act due to back issues, asthma, and migraines. Tr.[1] 60, 136-41. After the Social Security Administration ("SSA") denied her claim, Cervantes testified at a hearing before Administrative Law Judge Susan G. Smith ("the ALJ"). Tr. 36-58. On June 2, 2016, the ALJ issued an unfavorable decision. Tr. 20-28. After the Appeals Council denied her request for review, Cervantes appealed to this Court.[2] Tr. 1-6; ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 13, 18. For the reasons that follow, the Commissioner's motion is GRANTED and Cervantes's motion is DENIED.

## LEGAL STANDARD

When it reviews a final decision of the SSA, it is not the Court's function to "determine de novo whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 6.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

1

substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. § 405(g)) (other citation omitted).

The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

**DISCUSSION**

Cervantes argues that the Court should remand this case because the ALJ's residual functional capacity ("RFC") determination[3] is not supported by substantial evidence. ECF No. 13-1 at 10-13. Specifically, Cervantes asserts that the ALJ improperly "cherry picked" the opinion of consultative examiner Dr. Liu to make the RFC determination. *Id.* Dr. Liu opined, among other things, that Cervantes has mild to moderate limitations in her ability to engage in prolonged walking and bending. Tr. 211. Cervantes argues that the ALJ erred because she gave great weight to Dr. Liu's opinion but did not account for her difficulty with prolonged walking and bending in the RFC determination.

A claimant's RFC reflects what she "can still do despite [her] limitations." *Desmond v. Astrue*, No. 11-CV-0818 (VEB), 2012 WL 6648625, at *5 (N.D.N.Y. Dec. 20, 2012) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). To make the RFC determination, "[i]t is well established that an ALJ may rely on the medical opinions provided by State agency consultants and that those opinion[s] may constitute substantial evidence." *See Barber v. Comm'r of Soc. Sec.*, No. 6:15-CV-0338 (GTS/WBC), 2016 WL 4411337, at *7 (N.D.N.Y. July 22, 2016) (citations

---

[3] The ALJ conducts a five-step analysis to determine whether a claimant is disabled and therefore entitled to benefits. 20 C.F.R. § 416.920(a)(4). In this analysis, the ALJ determines the claimant's RFC, which reflects her ability to perform physical or mental work activities on a sustained basis despite her impairments. *See id.* § 416.920(e)-(f).

omitted). But the RFC determination does not have to "perfectly correspond" with any medical source's opinion; rather, the ALJ is "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) (citation omitted) (summary order).

In affording great weight to Dr. Liu's opinion, the ALJ agreed that Cervantes "has demonstrated limitations for prolonged walking [and] bending." Tr. 26. Nonetheless, Cervantes argues that the ALJ did not accommodate her difficulties in these areas. But a careful review of the RFC determination reveals that it is consistent with Dr. Liu's opinion.

As to Cervantes's ability to walk, the ALJ determined that she can perform light work, which requires an employee to engage in "a good deal of walking." 20 C.F.R. § 416.967(b). Cervantes suggests that this conflicts with Dr. Liu's opinion that she has mild to moderate limitations in this area, but "several courts have upheld an ALJ's decision that the claimant could perform light . . . work even when there is evidence that the claimant had moderate difficulties in . . . walking." *Cottrell v. Comm'r of Soc. Sec.*, No. 17-CV-6893-FPG, 2019 WL 201508, at *4 (W.D.N.Y. Jan. 15, 2019) (citation omitted) (noting that moderate limitations in a claimant's ability to walk does not necessarily render her disabled); *see also Stacey v. Comm'r of Soc. Sec.*, No. 09-CV-0638 (DNH/VEB), 2011 WL 2357665, at *6 (N.D.N.Y. May 20, 2011) (the ALJ's determination that the claimant could perform light work was "generally consistent" with the consultative examiner's assessment of moderate limitations in her ability to walk); *Harrington v. Colvin*, No. 14-CV-6044P, 2015 WL 790756, at *14 (W.D.N.Y. Feb. 25, 2015) (collecting cases). Moreover, Cervantes does not point to any record evidence indicating that she cannot perform the walking requirements of light work and there is no contrary medical opinion.

As to Cervantes's ability to bend, the ALJ found that she can only occasionally stoop, which necessarily limits the amount of bending she will perform. Stooping is a "progressively more strenuous form[] of bending" that requires "bending the body downward and forward by bending the spine at the waist." SSR 85-15, 1985 WL 56857, at *7 (S.S.A. Jan. 1, 1985). Moreover, because the ALJ limited Cervantes to stooping only occasionally, she will do this activity less than three hours total in an eight-hour workday. *See* SSR 83-10, 1983 WL 31251, at *5 (S.S.A. Jan. 1, 1983) (noting that "occasionally" means that the employee must perform the activity "from very little up to one-third of the time"). Cervantes does not point to any record evidence indicating that her ability to stoop or bend is more limited than described above and there is no contrary medical opinion.

Accordingly, for all the reasons stated, the ALJ's RFC determination is supported by substantial evidence and the ALJ did not err when she evaluated Dr. Liu's opinion.

## CONCLUSION

The Commissioner's Motion for Judgment on the Pleadings (ECF No. 18) is GRANTED, Cervantes's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is DISMISSED WITH PREJUDICE. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 16, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court